for the stock is conditioned upon the issuance of the stock, *held* not a negotiable instrument so that upon assignment thereof the assignee would acquire a legal interest enforceable in courts of law.

3. BILLS AND NOTES, § 100*—*essentials to negotiability.* In order that an instrument shall be negotiable it must amount to an independent promise to pay at all events, at a certain time, to a definite person, a definite amount without condition.

4. BILLS AND NOTES, § 129*—*sufficiency of indorsement to transfer negotiable instrument.* An assignment of a negotiable instrument by a written indorsement of the agents of the owner without signing as agents of the owner, held not to transfer title.

5. APPEAL AND ERROR, § 969*—*when certificate of stock not presented for review.* A certificate of stock cannot be considered on review where it was not introduced in evidence or in some way preserved in the record.

6. CONTRACTS, § 358*—*when affidavit of merits insufficient to put in issue execution of instrument.* An affidavit of merits stating that "said alleged contract was never fully executed" because a certain payment was not made, *held* not to put in issue the execution of the contract.

---

## Welsbach Street Lighting Company of America, Defendant in Error, v. Julia K. Burdick, Plaintiff in Error.

### Gen. No. 18,601. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed. Opinion filed April 1, 1914.

### Statement of the Case.

Action by Welsbach Street Lighting Company of America against Julia K. Burdick to recover for rental for certain street lamps installed by the plaintiff. The action was based on an instrument in writing purporting on its face to be a contract between a certain "Business Men's Association" and the plaintiff Company, wherein the plaintiff Company agreed

to furnish and install certain lamps for street lighting and the association agreed to pay for the lamps at the rate of sixty dollars per post per year in monthly payments. The instrument was never executed by the Association but was duly executed by the plaintiff Company. Between the attesting clause and the signature of the plaintiff Company a list containing the names of forty persons and business houses appeared, and following the signature a second list of names of persons appeared, the last name on the list being that of defendant. There was no evidence in the record to show how any of the names came to be on the list, excepting that of the defendant. As to her name it appeared that the chairman of a committee of the association procured her signature. The proof showed that she was not a member of the association and there was nothing in the record to support a finding that the persons composing the lists signed as and for an unincorporated association of individuals. To reverse a judgment recovered against the defendant for thirty dollars, defendant brings error.

P. H. BISHOP, for plaintiff in error.

GOODRICH, VINCENT & BRADLEY, for defendant in error; JOSEPH M. GRIFFIN, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

CONTRACTS, § 207*—*when person signing written instrument not bound thereby.* When an instrument in writing purports on its face to be made by certain parties named therein and the signature of a party not named therein appears to the instrument, it is not the deed or contract of such last named party, and parol testimony is not admissible to show that he intended to bind himself thereby.

*See **Illinois Notes Digest, Vols. XI** to **XV, same topic and section number.**